[No. 3,722.]

## WILLIAM J. RICHARDSON *v*. SOLOMON HEYDEN-FELDT.

IMPROVING A STREET IN SAN FRANCISCO.—The place where work is to be done in improving a street in San Francisco, must be determined by the judgment of the Board of Supervisors in the resolution of intention. The Board cannot leave the selection of the place where work is to be performed between any·two points to the Superintendent of Streets, or any other person.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

Action to collect an assessment levied on lots for improving a street in San Francisco. The proceedings for the construction of the sidewalks, as mentioned in the opinion, were taken under the provisions of an Act, approved April 1st, 1872, entitled "An Act repealing Article IV of an Act entitled," etc, (See Laws 1871–2, p. 804.) The resolution of intention to do the work is given in the opinion. Under the resolution the Superintendent of Streets let the contract. The defendant demurred to the complaint; the demurrer was sustained, and the plaintiff declining to amend, final judgment was rendered in favor of the defendant.

The plaintiff appealed.

*Parker & Roche,* for Appellant.

In this case it is agreed that the only point to be determined by this Court is, as ·to the legal effect of the words "where necessary;" whether· the qualification of the order by the use of the words "where necessary," was fatal to the validity of the order. The defendant contends that it amounts to a delegation of power to the Superintendent, or leaves it to the Superintendent to determine what those necessities are, instead of determining them by the order itself. This is the whole question.

The point is not, as it appears to us, as to delegation of power, but rather is the resolution void for indefiniteness. As a declaration of power the Board have said that the sidewalks shall be reconstructed, where necessary, between certain points. If they had said that they were to be reconstructed between certain points, without those qualifying words, certainly they would not be so reconstructed where it was not necessary, and a limitation to that effect in the contract would be regular. Such limitation is in the interest of the property owners and of justice, and the Supreme Court held that it was not even an irregularity; that it was only what the resolution of intention meant. (*Emery* v. *S. F. Gas Co.*, 28 Cal. 377, 378.)

*H. K. Moore* and *D. H. Whittemore*, for Respondent.

The notice is not a determination by the Board of Supervisors of what is to be done. It is void for indefiniteness, or as an attempted delegation of power. (*Dougherty* v. *Hitchcock*, 35 Cal. 526.) The contractor who goes upon the street is responsible to no one, and is guided and controlled in the amount of work he does, alone by the desire to make money out of the property owners. Wisely or unwisely, the street law (Stats. 1872, Sec. 3, p. 804,) has left the power in the Board alone, *ita lex scripta est*, and the authorities we shall cite will clearly bear us out in the assertion that no case will be found, and no reason can be given, to uphold so loose a proceeding. (*Thompson* v. *Schemerhorn*, 6 N. Y. 92; *St. Louis* v. *Clemens*, 43 Mo. 354; *Ruggles* v. *Collier*, 43 Mo. 355.)

By the COURT:

The description of the work to be performed is "constructing sidewalks on Broadway street from the westerly line of Van Ness Avenue to the easterly line of Octavia

street, *where necessary.*" It is indispensable that the work to be done should be determined by the judgment of the Board, and neither the judgment of the Superintendent nor that of any other person can be substituted. The case, in this respect, is plainly distinguishable from a resolution of intention to order work to be done "*except where done.*"

Judgment affirmed.