[No. 3,923.]

## THE PEOPLE OF THE CITY AND COUNTY OF SAN FRANCISCO v. WILLIAM S. CLARK.

RECOVERY OF ASSESSMENT FOR IMPROVING A STREET.—The plaintiff, in an action to recover an assessment for improving a street in San Francisco, cannot recover, except upon the presumption that a notice of intention to improve, containing a proper designation of the work to be done, was given, and that the contracts afterward awarded, substantially conformed to the description of the proposed work as given in the notice.

IDEM.—When such notice is not set forth in the complaint, and a contract is set forth, it will be presumed that the contract given, conformed in its description of the work to the description in the notice, and if the description in the contract is for work on the street designated "where necessary," the complaint is fatally defective.

STREET IMPROVEMENT IN SAN FRANCISCO.—The Board of Supervisors of San Francisco, cannot delegate the power to determine where work is necessary on a street.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The action was brought to recover a street assessment, founded upon a contract for repairing certain streets and cross-walks "where necessary," constructing cess-pools and culverts "where necessary," and constructing and reconstructing curbs and sidewalks "where necessary."

On the trial, after the plaintiff had rested, the defendant moved to dismiss the action because the complaint did not state facts sufficient to constitute a cause of action. The motion was denied. Subsequently judgment was rendered in favor of the plaintiff, and the defendant appealed.

*Sawyer & Ball,* for Appellants, argued that the Board of Supervisors could not delegate the power to determine the necessity and amount of the work to be done, and cited *Richardson* v. *Heydenfeldt,* 46 Cal. 68.

*E. F. Preston,* for Respondents, argued that if defendant was aggrieved by the contract, his remedy was by appeal to the Board, and cited *Chambers* v. *Satterlee,* 40 Cal. 519; *Emery* v. *Bradford,* 29 Cal. 75. He also argued that the Court would imply a finding that the Board of Supervisors gave a proper notice, and cited *Hall* v. *Polack,* 42 Cal. 227.

By the COURT:

The judgment must be reversed, upon the authority of *Richardson* v. *Heydenfeldt,* 46 Cal. 68. The case here is not distinguishable from that case. The notice of intention upon the part of the Board is not set forth in the complaint, but the plaintiff cannot claim a judgment in his favor except upon the presumption that such a notice, containing a proper designation of the work to be done, was given, and further presumption that the contract, as afterward awarded, substantially conformed to the description of the proposed work, as given in the notice. It appearing by the allegations of the complaint that the contract, as awarded, was for furnishing and laying new cross-walks where necessary; and repairing the street where necessary, it must be presumed that the notice of intention was fatally defective in the respect indicated.

Judgment reversed, and cause remanded for a new trial. Remittitur forthwith.