[No. 4968.]

## JOHN J. BRADY v. JAMES L. KING, CHARLES McLAUGHLIN, ROBERT MURDOCK, AND ROBERT ROE.

STREET ASSESSMENT—JURISDICTION OF BOARD OF SUPERVISORS.—In order to get jurisdiction to order street work done in San Francisco, the Board of Supervisors must describe the work in the resolution of intention.

SAME—POWER OF THE LEGISLATURE TO VALIDATE ASSESSMENT.—The Legislature has no power to validate a street assessment that is void for want of jurisdiction in the Board of Supervisors to levy it.

TAKING PROPERTY WITHOUT DUE PROCESS OF LAW.—The sale of land to satisfy a void street assessment which the Legislature has unconstitutionally attempted to validate, would be taking property "without due process of law."

ASSESSMENT WITHIN A CITY.—The legislature has no power to levy an assessment not uniform and equal, in an incorporated city, for the purpose of improving a street.

APPEAL from the District Court of the Third Judicial District, City and County of San Francisco.

The action was brought to collect a street assessment levied by the Board of Supervisors in March, 1873, under a " resolution of intention " describing the work as follows: " That the roadway of Eighth Street, from Folsom to Harrison Streets, be paved with cobble-stones; that cross-walks and curbs be furnished and laid thereon *where necessary;* that sidewalks be constructed thereon where not already constructed, and that the sidewalks be reconstructed *where necessary.*" This notice having been held insufficient by the Supreme Court, the Legislature, in March, 1874, passed a curative act in which the act of the Supervisors was confirmed, and the assessment declared valid. (Stats. 1873–4, p. 588.)

Judgment was rendered for plaintiff, and the defendants appealed.

*D. H. Whittemore,* for Appellant.

*J. C. Bates* and *J. M. Wood,* for Respondent.

By the COURT:

The "resolution of intention" was fatally defective, and, as a consequence, the Board of Supervisors did not acquire power or jurisdiction to order the street work done. (*Richardson* v. *Heydenfeldt*, 46 Cal. 68; *People* v. *Clark*, 47 Ibid. 456; *People* v. *Ladd*, Ibid. 603.)

The Act of March 25th, 1874, "To ratify and confirm certain ordinances," etc., (Stats. 1873–4, p. 588) is in violation of the Constitution of the State, and therefore void. (*People* v. *Lynch*, 51 Cal. 15; *People* v. *Goldtree*, 44 Ibid. 323.)

As the attempted assessment was absolutely void, the act of the Legislature was an attempt to levy a contribution within a certain district, and to declare that each lot named in the original roll should pay a sum arbitrarily fixed. This would be to create a lien on defendants' real estate, which, if the law were valid, the Courts would be compelled to enforce.

If this can be done, the Legislature may take the property of the citizen without any legal process, for there can be no difference between taking the property directly and imposing a lien upon it. But no person "can be deprived of life, liberty, or property, without due process of law." (Constitution, art. 1, sec. 8.)

The act of the Legislature is an attempt, at best, to levy an "assessment" within a city. The Legislature has no power to levy such assessment. (*Taylor* v. *Palmer*, 31 Cal. 240; *People* v. *Lynch*, *supra*.)

Judgment reversed and cause remanded, with directions to render judgment for the defendants.

WALLACE, C. J., did not express an opinion in this case.