Tappan *v.* Young.

was carefully considered by Chief Justice MONELL, at special term, and afterwards by the general term, upon appeal, and in which case the prior decisions were all reviewed. By the provisions of the new Code, § 2464, a receiver cannot be appointed before an order or warrant to be examined is served upon the judgment debtor, without two days' notice to the judgment debtor, unless he cannot, after due diligence, be found in the state.

In addition to this, the injunction restraining the executors from applying the proceeds of the trust to the use of the *cestui qui trust*, for such was its effect, was improper. All that could be reached, to be applied to the satisfaction of the judgment, would be a surplus beyond what was necessary for the judgment debtor's support; and this could be done only by an equitable action, in which the judgment debtor and executors would have to be made parties, as in *Williams* v. *Thorn* (70 N. Y. 270).

The order should be reversed.

J. F. DALY and VAN HOESEN, JJ., concurred.

Order reversed.

---

MARY TAPPAN, Appellant, *against* WILLIAM YOUNG, Respondent.

(Decided December 6th, 1880.)

The defendant, upon the purchase of certain real estate in the city of New York from him by the plaintiff, agreed to refund to her "any moneys which she may pay for any assessments that may be confirmed against said property up to the date of these presents." *Held*, in an action to recover from the defendant moneys which the plaintiff alleged she had paid for an assessment confirmed before the date of the agreement, that the burden rested upon the plaintiff to prove such assessment to be valid, and that, in making it, the requirements of the statute authorizing it had been strictly complied with. And as no evidence was offered that

Tappan *v.* Young.

the ordinance under which the assessment was made was ever published, as required by law, the plaintiff could not recover.

An ordinance of the common council of the city of New York for laying a pavement provided that "crosswalks be laid where not now laid, and relaid where those now laid are, in the opinion of the commissioner of public works, not in good repair, or are not upon a grade adapted to the grade of the proposed new pavement." *Held,* that thus leaving to the commissioner of public works to decide whether any, and if any, what crosswalks should be laid, was an attempted delegation of power and violation of duty on the part of the common council which rendered the ordinance null and void.

APPEAL from a judgment of the general term of the marine court of the city of New York, affirming a judgment of that court entered upon the verdict of a jury rendered by direction of the court.

The action was brought to recover from the defendant the amount of an assessment paid by the plaintiff upon certain property purchased by the plaintiff from the defendant, upon an alleged agreement by the defendant to refund such payment to the plaintiff. The facts are stated in the opinion. At the trial, the justice directed the jury to find for the defendant, and judgment for the defendant was entered on the verdict. From the judgment the plaintiff appealed to the general term of the marine court, which affirmed the judgment. From this decision the plaintiff appealed to this court.

*George S. Wilkes,* for appellant.

*Elliot Sandford* and *Robinson & Scribner,* for respondent.

VAN HOESEN, J.—The defendant, on selling a house to the plaintiff, gave her an agreement under seal in the following words: "I do hereby covenant to refund to said Mary any moneys which she may pay for any assessments that may be confirmed against said property up to the date of these presents." The date of the covenant is April 28, 1871. On the preceding day, to wit, on April 27, 1871, an assessment upon the property was confirmed, as plaintiff alleges in her complaint; and the amount of that assessment she avers she paid.

There was no evidence in the case which I have been able to discover that there was any assessment upon the house which the defendant sold to the plaintiff. The plaintiff proved that an assessment had been laid upon ward No. 40 1-2, but no attempt was made to show that ward 40 1-2 was the property with reference to which the agreement in question was made. As the complaint was dismissed upon other grounds, I shall briefly examine the reasons assigned by the court below for their decision. It was held at the trial that the burden rested upon the plaintiff of proving the assessment to be valid, and that, in making it, the requirements of the statutes had been strictly complied with. I think that ruling was correct. The plaintiff was seeking indemnity. She had paid an assessment, and was attempting to compel the defendant to refund the amount. She was in a position similar to that of a covenantee suing upon a covenant against incumbrances.

It appears from the agreement itself that the defendant was selling the house to the plaintiff, and that it was not known whether or not a certain assessment had been confirmed. If it had been, it was an incumbrance upon the property, and the amount of it would have been deducted from the purchase money; but if it had not been confirmed, it would not have been an incumbrance. Under these circumstances, the agreement in suit was made. The meaning of it was that if the assessment was an incumbrance at the time the title passed, the defendant would pay it. No provision was made for testing the validity of the assessment, but yet it could not have been the intention of the parties that, valid or invalid, the assessment should be paid. It is true that the defendant as well as the plaintiff could apply for the vacation of it, but it is also true that if the plaintiff should pay it before the defendant had made application for setting it aside, the fact that it had been paid would defeat the application (*Matter of Phillips*, 60 N. Y. 21 ; *Wilkes* v. *Mayor*, 9 W. D. 334). It seems to me that the intention of the parties must have been to provide for such assessments as were legally and actually incumbrances upon the property, and not for assessments the invalidity of which appeared upon the record.

Tappan *v.* Young.

If the plaintiff had secured herself by a covenant against incumbrances, she could not have compelled the defendant to refund money which she had expended in paying an invalid assessment. This was decided in *Kennedy* v. *Newman* (1 Sandf. 187). As I have already said, the agreement was in effect a covenant against incumbrances, and the same evidence was required to sustain an action upon one as upon the other.

If this be so, there can be no doubt of the correctness of the decision of the court below. The assessment was for laying crosswalks where there were none before, and for relaying old crosswalks. Relaying cross-walks is repaving, within the meaning of the law (*Matter of Burke*, 62 N. Y. 224). No evidence was offered that the ordinance under which the work was done was ever published, as required by the Laws of 1857. Such proof was indispensable. Where a person seeks to set aside an assessment, he assumes the burden of showing a neglect of duty, or a violation of law, on the part of the officials charged with the levying of the assessment, but the plaintiff was, in this action, bound to show affirmatively that all the requirements of the statutes had been met, and that the ordinance, which was the foundation of the assessment, had been duly published. If there had been no publication, the assessment was wholly irregular, and could have been set aside (*Matter of Douglass*, 46 N. Y. 44; *Matter of Burmeister*, 76 N. Y. 174). Again: the ordinance provides that " crosswalks be laid where not now laid, and relaid where those now laid are, in the opinion of the commissioner of public works, not in good repair, or are not upon a grade adapted to the grade of the proposed new pavement." It will be seen that it is left to the commissioner of public works to decide how much relaying of crosswalks shall be done. He alone is to say whether any, and if any, what, crosswalks shall be relaid.

The common council does not exercise its judgment in the matter, but attempts to delegate its power to the commissioner. This abdication of power and violation of duty on the part of the common council rendered the ordinance null and void (*Thompson* v. *Schermerhorn*, 6 N. Y. 92; *Hydes* v. *Joyes*, 4 Bush [Ky.] 464, cited in note to section 617, Dillon Mun. Corp.;

*Brady* v. *King*, 53 Cal. 44; *People* v. *Ladd*, 47 Cal. 603; *People* v. *Clark*, 47 Cal. 456; *Richardson* v. *Heydenfeldt*, 46 Cal. 68). The assessment was, upon the face of the record, invalid, and there was no error in the adjudication of its invalidity by the marine court.

The judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed, with costs.