The judgment therefore entered upon the referee's report should be affirmed.

LARREMORE and BEACH, JJ., concurred.

Judgment affirmed.

---

ELBERT ELLERY ANDERSON, Appellant, *against* THE EQUITABLE GAS LIGHT COMPANY OF NEW YORK *et al.*, Respondents.

(Decided June 30th, 1884.)

The power given by section 18 of the act of February 18th, 1848 (L. 1848 c. 37), to municipal authorities to regulate the laying of conductors for gas through the streets, cannot be delegated; and the resolution of the Common Council of the City of New York passed December 22d, 1876, permitting all incorporated gas light companies " to lay gas mains and pipes in the streets," &c., " upon such conditions as may be prescribed and approved by his Honor the Mayor, the Comptroller and the Commissioner of Public Works," confers no authority on the officials named, and their permits to excavate the streets for the purpose of laying gas mains are void.

APPEAL from a judgment of this court entered upon the decision of the court at a trial without a jury, and from an

order denying a motion for an injunction and dissolving a preliminary injunction.

The defendant corporation is organized under the laws of this state. The defendant Thompson is Commissioner of Public Works of the City of New York, and, when this action was brought, claimed the power and authority to permit the corporation to excavate the streets of the city for the purpose of laying its mains, and was about to or had given permission. The plaintiff is a tax-payer and owner in fee of certain premises fronting on First Avenue, where the defendant corporation threatens and intends to lay its conductors, under the permission granted by defendant Thompson as commissioner. The plaintiff filed this bill praying a decree enjoining the defendant corporation from excavating the streets to lay its mains, and the defendant Thompson from granting the license. The bill also prayed an injunction *pendente lite.* The preliminary injunction issued, but was afterwards dissolved. The Special Term gave judgment for defendants, and the plaintiff appealed.

*Frederick H. Man,* for appellant.

*F. R. Coudert* and *Jno. N. Lewis,* for the Equitable Gas Light Company of New York, respondent.

BEACH, J.—[After stating the facts as above.]—The defendant corporation was authorized by law to lay conductors or mains through the streets, with the consent of the municipal authorities, and under such reasonable regulations as they might prescribe (L. 1848 c. 37 § 18). This consent was given under a general resolution passed by the Common Council December 23d, 1876, granting it to all incorporated gas light companies upon such conditions as might be prescribed and approved by the Mayor, Comptroller and Commissioner of Public Works. The number of gas light companies to which consent may be given by the municipal authorities is not limited by the act, is entirely within their discretion, and exercise of the discretion cannot be questioned.

The most important question involved by this appeal arises under the resolution of the Common Council, passed December 23d, 1876, giving permission to all incorporated gas light companies " to lay gas mains and pipes in the streets, avenues and public places in this city for the purpose of supplying gas to this city and its inhabitants, upon such conditions as may be prescribed and approved by his Honor the Mayor, the Comptroller and the Commissioner of Public Works."

This is urged by the plaintiff, appellant, to be an unlawful delegation of legislative authority originally conferred by the sovereign power upon the Common Council. An inspection of the conditions imposed in this instance by the officials named in the resolution shows the words of the act " under such reasonable regulations " as the municipal authorities may prescribe, to be practically synonymous with those in the resolutions, " upon such conditions " as may be prescribed. The point to be decided, therefore, is whether or not the power given by the Legislature to the Common Council to enact reasonable regulations may be transferred to the officials named in the resolution. The principle sustained by abundant adjudication has been thus stated : " The public powers and trusts devolved by law or charter upon the council or governing body, to be exercised by it when and in such manner as it shall judge best, cannot be delegated to others " (Dillon on Municipal Corporations, 2d ed. § 60 p. 180). The adjudications in other states cited in the note to this section seem controlling.

In *Ruggles* v. *Collier* (43 Mo. 359), the charter gave the power to require streets to be paved " in all cases where the City Council shall deem it necessary ; " an ordinance making the Mayor judge of the necessity was held invalid.

In *St. Louis* v. *Clemens* (43 Mo. 395), the charter giving the City Council power to construct sewers of such " dimensions as may be prescribed by ordinance," an ordinance requiring sewers to be constructed of such dimensions as may be deemed requisite by the city engineer was held illegal.

In *State* v. *Jersey City* (1 Dutch. 309), the charter directed the Common Council to appoint a time when persons interested in an application for opening a street would be heard. A delegation of the duty to fix the time to the clerk was held to invalidate the proceedings. ·

Numerous other authorities are cited, but the above clearly indicate the consistent action of the courts in upholding the principle, while the power to delegate ministerial or administrative duties is not questioned. In this case, if the Common Council had regulated the mode, manner and conditions of laying mains, directing officials to supervise the work would have been the lawful ·delegation of ministerial duty.

In *Thompson* v. *Schermerhorn* (9 Barb. 152. aff'd 6 N. Y. 92), the Common Council, being authorized to prescribe the manner of improving the public streets, by resolution transferred the power to the City Superintendent. Justice CADY, delivering the opinion of the court, says: "These are matters upon which the members of the Common Council should exercise their judgment. They are to judge how the streets and sidewalks are to be pitched, leveled and paved or flagged; and powers which the Legislature have authorized them to exercise they cannot delegate to a committee or to the City Superintendent" (*Tappan* v. *Young*, 9 Daly 357; *Birdsall* v. *Clark*, 73 N. Y. 73; *Matter of Emigrant &c. Bank*, 75 N. Y. 388).

The opinion of Judge RAPALLO in the latter case contains this apt and forcible statement: " The law confers upon the Common Council the power and duty of deciding in each particular case whether those provisions shall be dispensed with, and requires a vote of three fourths of all the members elected to accomplish that purpose. This is eminently a discretionary power which cannot be delegated. It is their judgment which the law requires and not that of any officer they may designate. There is no provision in the law itself authorizing them to delegate this power, and the case falls within the settled principle that

powers of this description, involving the exercise of judgment and discretion, cannot be delegated."

While possibly the Common Council may not be required to annex regulations to the assent, if any shall be prescribed, their enactment is an exercise of judgment resting with the Council, and it alone. There is no provision of law authorizing the Mayor, Comptroller and Commissioner of Public Works, to decide the manner or upon what conditions the defendant corporation may open the streets to lay its mains, and any permit founded upon their action in the premises confers no license and is void.

The learned court below concluded that the resolution of the Common Council was leaving the practical direction of the work to an executive department. If it were no more than that, the conclusion would be correct. But direction or supervision of work is not the prescribing of conditions upon which the work itself shall be done. The acceptance of such conditions by the corporation constitutes a contract between it and the city, and plainly exceeds mere ministerial supervision.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event, and the order dissolving the injunction reversed, with costs.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment and order reversed and new trial ordered, with costs.