[No. 19009. Department Two. — February 16, 1893.]

## CALEB H. LIBBEY, APPELLANT, v. A. M. ELSWORTH ET AL., RESPONDENTS.

STREET ASSESSMENT — DELAY IN MAKING CONTRACT — PLEADING — CAUSE FOR DELAY. — A complaint in an action upon a street assessment which shows that the contract which is the basis of the assessment was not entered into within fifteen days after the first posting of the notice of the award to the contractor, as required by the act of March 18, 1885 (Stats. 1885, p. 147), but which contains no averment that the delay in entering into the contract was not caused by the neglect, failure, or refusal of the contractor, is fatally defective.

ID. — MANDATORY STATUTE — TIME FOR COMMENCEMENT AND COMPLETION OF WORK — INVALID CONTRACT. — The provision of section 6 of the act of March 18, 1885 (Stats. 1885, p. 147), providing that the superintendent of streets shall fix the time for the commencement and completion of the work under all contracts entered into by him, is mandatory, and a contract not in accordance with its terms is invalid.

ID. — PLEADING — FACTS SHOWING VALID CONTRACT. — The complaint in an action upon a street assessment must allege facts affirmatively showing that the contract was valid, and must show that the contract for the work done fixed the time for the commencement and completion of the work. It is not sufficient to allege generally that the contract entered into was one by which the contractor agreed to do the work named therein in accordance with specifications, which are not set out, and under the direction and to the satisfaction of the superintendent of streets, but it must affirmatively appear from the statement of the contract, whether it is set out in hæc verba or according to its legal effect, that it contained everything essential to make it a valid contract under the statute.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*John T Jones*, and *Jones & Carlton*, for Appellant.

*Julius Lyons*, for Respondents.

DE HAVEN, J. — The action is upon a street assessment. The court below sustained a demurrer to the complaint, and thereupon rendered judgment in favor of defendants. The plaintiff appeals.

We think the demurrer was properly sustained. It appears from the complaint that the contract which is

the basis of the assessment sought to be enforced was not entered into between the assignor of plaintiff and the superintendent of streets within fifteen days after the first posting of the notice of its award to plaintiff's assignor, the plaintiff alleging that posting of such notice was first made on September 22, 1890, and the contract executed on the eighth day of October following. There is no averment in the complaint that this delay in executing the contract was not caused by the neglect, failure, or refusal of plaintiff's assignor, and we held in the case of *Perine* v. *Forbush, ante,* p. 305, that such an allegation is necessary, in order to state a cause of action in this class of cases, when it also appears from the complaint that the contract was not entered into within fifteen days after notice of its award was first posted, and the judgment here must be affirmed, upon the authority of that case.

In addition to this, the complaint fails to show that the contract entered into between the superintendent of streets and the assignor of plaintiff fixed any time for the commencement or completion of the work therein provided for. Looking at the contract as stated in the complaint, it is not possible to say whether it was one authorized by the law or not. Section 6 of the act "to provide for work upon streets . . . . within municipalities," approved March 18, 1885 (Stats. 1885, p. 147), provides that the superintendent of streets "shall fix the time for the commencement, which shall not be more than fifteen days from the date of the contract, and for the completion of the work under all contracts entered into by him." This requirement of the statute is mandatory, and a contract not in accordance with its terms would be destitute of binding force; and as the validity of the assessment must depend upon the validity of the contract upon which it is based, it is incumbent upon the plaintiff seeking to enforce the alleged lien of such assessment to show by his complaint that the contract was one authorized by law. "The complaint must show, by either special or general averments of the character

permitted by our statute, that the various provisions of the statute under which it is sought to charge the defendant were complied with, for unless they have been complied with, the defendant is not liable." (*Himmelman* v. *Danos*, 35 Cal. 441.)

It is not sufficient to allege generally, as in this case, that the contract entered into with the superintendent of streets was one by which the contractor agreed to do the work named therein in accordance with specifications, which are not set out, and under the direction and to the satisfaction of the superintendent of streets; but it must affirmatively appear from the statement of the contract, whether it is set out *in hæc verba* or according to its legal effect, that it contained everything essential to make it a valid contract under the statute.

Judgment affirmed.

FITZGERALD, J., and McFARLAND, J., concurred.