[No. 15320.   Department Two.—June 12, 1894.]

## THOMAS TREANOR, RESPONDENT, v. S. O. HOUGHTON ET AL., APPELLANTS.

APPEAL—ERRORS CURED BY VERDICT—WAIVER.—Where there is no objection to the pleadings, or to the sufficiency of the evidence to support the findings, which are full and explicit upon all the material issues, all errors and omissions are cured by verdict, and waived, and cannot be urged upon appeal for the first time.

ID.—DEFINITION—PRESUMPTION—OMISSION SUPPLIED AT TRIAL.—The expression "cured by verdict," signifies that the court will, after a verdict, presume or intend that the particular thing which appears to be defectively or imperfectly stated or omitted in the pleadings was duly proven at the trial; and where in an action tried by the court it appears affirmatively by the record that what was omitted in the complaint was supplied without objection at the trial and found by the court, objection to the sufficiency of the complaint is waived.

ID.—ACTION UPON STREET ASSESSMENT—TIME LIMITED FOR WORK—DEFECTIVE PLEADING CURED BY VERDICT.—In an action to enforce a street assessment, where it appears that the street to be improved was divided in sections, and several contracts let for the several sections, a complaint not expressly averring the time specified in the contract for the commencement and completion of the work under the contracts, but averring "that all the work ordered to be done was completed pursuant to the contracts within the time given by the commissioner of streets in the contracts," though insufficient in the face of a special demurrer, contains an inferential statement that the contracts specified the time within which the work was to be done, and the defective allegation is cured by verdict.

ID.—UNIFORMITY OF ASSESSMENT.—Where the complaint alleges that the "commissioner of streets made in the manner and form required by law, an assessment upon the lots and lands fronting thereon, each lot or portion of a lot being separately assessed in proportion to the frontage at a rate per front foot sufficient to cover the total expense of the work," such allegation sufficiently shows that the assessment for the entire work was at a uniform rate, and on all the property fronting on the improvement.

ID.—EXCEPTIONS IN REGARD TO ASSESSMENT—REMEDY BY APPEAL—WAIVER.—If the defendant's case falls within any of the exceptions in the statute to the general rule in regard to assessments, it devolves upon him to object to the assessment as made by appeal to the city council, and such objection is waived by failure to appeal.

ID.—SEPARATE CONTRACTS NOT ALLOWABLE FOR SINGLE IMPROVEMENT—VOID ASSESSMENT.—The provisions of the statute of 1885, respecting street improvements, are all made applicable to a single contract for street improvement, and the city council has no power to award separate contracts for the performance of a single improvement, and their acts in making such award are void, and confer no authority upon the superintendent of streets to enter into the contracts, or to levy an assessment to pay for the improvements.

Appeal from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion.

*N. H. Castle*, for Appellants.

*C. T. Bird*, for Respondent.

Searls, C.—This is an action by a street contractor to recover one hundred and thirty-two dollars and eighty cents, assessed upon the lot of defendant for its *pro rata* of the cost of improving Julian street, in the city of San Jose, under proceedings had by virtue of the act of March 18, 1885, Statutes 1885, page 147.

Plaintiff had judgment, from which defendant appeals.

The cause comes up on the judgment-roll without a statement or bill of exceptions.

The city of San Jose is, and at all the times hereinafter mentioned was, a municipal corporation.

Julian street, at the several dates hereinafter mentioned, was, and is, an open, located, public street, in said city of San Jose, with duly established width and grade.

On the twelfth day of March, 1888, the mayor and common council of the city of San Jose passed and approved a resolution declaring its intention " to order that portion of Julian street between First street and the eastern city limits to be improved to the official grade, said improvement to consist of excavating, grading, curbing, guttering, and graveling the roadway, the gravel to be screened."

The whole question on this appeal relates to the sufficiency of the complaint in stating facts sufficient to. constitute a cause of action.

We need not state the proceedings in full as detailed in the complaint, but only such omissions and statements as are relied upon by appellants as cause for reversal.

There was no demurrer or other objection interposed to the complaint, and the objections to its sufficiency are urged here for the first time. The cause was tried by the court, and the findings are full and explicit upon all the material issues, and no objections are made thereto; hence it follows that all errors and omissions which are cured by verdict are waived.

Changing for convenience of examination the order of appellants' objections to the complaint, and we will say it is objected that the complaint fails to allege that the contract fixed the time for the commencement and completion of the work, which it is claimed is fatal to the validity of the complaint. *Libbey* v. *Ellsworth*, 97 Cal. 316, and *Washburn* v. *Lyons*, 97 Cal. 314, are relied upon in support of this proposition.

*Libbey* v. *Ellsworth* was a case in which the contract was not entered into within fifteen days after notice of the award, as required by section 5 of the act of March 18, 1885, Statutes of 1885, page 147, and no cause for the delay being averred, a demurrer was sustained by the court below, and this action was sustained upon appeal. The complaint was also said to be defective in that it failed to show that the contract entered into between the superintendent of streets and the assignor of the plaintiff fixed any time for the commencement or completion of the work therein provided for, which it was held was a fatal error.

In *Washburn* v. *Lyons*, 97 Cal. 314, it was held that the omission in a like contract to fix the time for the commencement and completion of the work to be done thereunder, in accordance with section 6 of the act of March 18, 1885, above referred to, was fatal on demurrer.

In this case the street to be improved was divided into six sections, as will be hereafter noticed, and separate contracts let for the several sections. The contracts were awarded August 13, 1888, and entered into August 25, 1888, less than fifteen days after the award. The complaint does not in express terms aver the time

specified in the contract for the commencement and completion of the work under the contract. It avers that all the work ordered to be done under the resolution "was and has been completed pursuant to said contracts and said plans and specifications, *within the time given by said commissioner of streets in said contracts,* with materials complying with the specifications . . . . under the direction, and to the satisfaction of, said commissioner of streets, and was and has been duly accepted by him." Beyond this quotation I find no averment in the complaint referring to the matter under consideration.

The court finds as a fact that each of the contracts provided that the work should commence on or before August 28, 1888, and should be completed on or before November 28, 1888. That the omission in the complaint would have been fatal in the face of a special demurrer is settled by the cases quoted *supra,* and by many others to which we might refer. The question, however, is, can appellant after verdict raise the question here for the first time?

Chitty in his work on Pleading, at page 705 of volume 1, lays down the rule as follows: "The second mode by which defects in pleading may be in some cases aided, *is by intendment after verdict.* The doctrine upon this subject is founded upon the *common law,* and is independent of any statutory enactments. The general principle upon which it depends appears to be that where there is any defect, imperfection, or omission in any pleading, whether in *substance* or *form,* which would have been a fatal objection upon demurrer, yet, if the issue joined be such as necessarily required on the trial proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission is *cured by verdict.*

"The expression *cured by verdict* signifies that the court will, after a verdict, presume or intend that the

particular thing which appears to be defectively or imperfectly stated or omitted in the pleadings was duly proven at the trial."

The difficulty experienced in many cases of this character is to determine whether or not the omitted fact or facts were proven at the trial. In the present instance we are met with no difficulty of this character, the cause having been tried by the court, and the facts found, it appears affirmatively by the record that what was omitted in the complaint was supplied without objection at the trial.

The defective statement of the complaint, wherein it was averred that the work and improvements were completed pursuant to the contracts, "within the time given by said commissioner of streets in said contracts," was but an inferential statement that the contracts specified the time within which the work was to be done, but was in the language of the common law an allegation that is *holpen by verdict*.

The defendant having gone to trial upon such imperfect statement without objection, and it having been cured by the findings, which we must suppose were supported by testimony, he cannot now successfully raise the question of the sufficiency of the complaint in that respect.

It is further urged that there is no allegation in the complaint that the assessment for the entire work was at a uniform rate upon all the property fronting on the improvement.

The allegation of the complaint is that the " commissioner of streets made in the manner and form required by law an assessment upon the lots and lands fronting thereon, each lot or portion of a lot being separately assessed in proportion to the frontage at a rate per front foot sufficient to cover the total expense of the work." This is in compliance with the requirements of the seventh section of the statute of 1885, quoted *supra,* and is sufficient.

There are some exceptions in the statute to the gen-

eral rule in regard to assessments, but if defendant's case came within them, or any of them, it devolved upon him to make it known by objection to the assessment as made, by an appeal to the city council under section 11 of the act. (*Perine* v. *Forbush*, 97 Cal. 305.) Not having done so the objection, if any, was waived.

It is further objected that it does not appear that any contract was let for doing the work as a whole, as proposed by the resolution and notice of intention, but, on the contrary, the street was divided into six sections numbered from one to six inclusive, and each section let separately. *Dougherty* v. *Hitchcock*, 35 Cal. 512; *City of Stockton* v. *Whitmore*, 50 Cal. 554; *Richardson* v. *Heydenfeldt*, 46 Cal. 68; and *People* v. *Clark*, 47 Cal. 456, are cited in support of the contention that the method adopted by the city council was invalid. The record clearly sustains the allegation that the resolution of intention was for the improvement as a unit, and that six several contracts were entered into for the performance of as many sections or portions of the work.

The question arises, had the board the power to thus let separate contracts? In *Dougherty* v. *Hitchcock*, 35 Cal. 512, the board of supervisors adopted a resolution of intention to grade Clay street from Taylor to Jones, and from Jones to Leavenworth, etc., and subsequently ordered the work to be done. Bidders were notified to put in separate bids for each block and for a crossing. The board awarded a contract for the whole work, under which award the superintendent of streets entered into a contract for grading one block only, and this court held:

1. That the resolution of intention and its publication constituted the sole authority of the board to proceed in the statutory mode to order said work to be done, and that thereby no authority was conferred to act upon any other or different work.

2. That the work designated in the resolution of intention constituted one distinct and entire subject matter.

3. That the resolution of award constituted the sole authority to the superintendent of streets, who acted ministerially only in making the contract under it, and that, as the contract varied from the award, it was unauthorized, and void.

4. That without a valid contract there can be no valid assessment upon property to pay for street improvements.

*City of Stockton* v. *Whitmore*, 50 Cal. 554, and *Richardson* v. *Heydenfeldt*, 46 Cal. 68, are to like effect, not as to the facts, but in principle. The distinction between those cases and this, if any, consists in the fact that there only a portion of the work was completed, while here it was under the several contracts all consummated.

The contention of respondent is that the fact that part of the work was performed by one, and part by another, person could not deprive appellant of any right or injure him in any respect, as his lot is only required to pay its just proportion of the cost, assessed in the manner provided by statute. The precise question for determination goes to the power of the officers to act in the manner indicated. Possibly those officers might most advantageously have let a private contract to some responsible contractor to do the work indicated without any preliminary action whatever, and, upon its completion, designated without an assessment the sum of money justly due from each property owner on the street in payment of the expense, and that by such a course the whole expense would have been less than under the statutory method, and hence, in a certain sense, no injustice would be done.

The statute has defined the powers which may be exercised by city councils in the matter of the improvement of streets in municipalities. Under the dictate of the statute each successive step by the board, looking to street improvements, is a condition precedent essential to the validity of the next succeeding one in the series.

The range of the district to be included in a single improvement, and the character of the work to be per-

formed therein, within the specifications of the statute, is left to the judgment of the board. The resolution of intention must, however, define alike the limits of the district and the nature of the work to be done. The entire work thus described becomes a unit, a single enterprise, upon which the power of the board, subject to the rights of the property owners, is thereafter to be exercised. The statute in all its subsequent provisions deals with it as a unit, as a single improvement. It gives to "the owners of one-half or more of the frontage of the property fronting on said proposed work or improvement, where the same is for one block or more, the right to object in writing, and thereby to stay proceedings for six months, unless in the mean time a petition of a majority of such property owners shall ask that it be done." (Act 1885, sec. 3; Stats. 1885, p. 148.) By section 5 of the act, when bids have been received and the contract has been awarded to the lowest responsible bidder, the owners of the major part of the frontage on lots and streets where the work is to be done may, within ten days, without having made any bid or proposal, "elect to take said work, and enter into a written contract *to do the whole work* at the price at which the same has been awarded." The statute provides for a single assessment to be levied upon all the frontage upon the work; for a single warrant which, with the assessment, is to be delivered to the contractor.

Other illustrations drawn from the statute might be indulged for the purpose of showing what is believed to be its evident intent, viz: to unify each improvement specified in the resolution of intention, to constitute it a unit for future action, in order that those who are called upon to bear the burden of the improvement may intelligently judge whether or not, taken as a whole, it will be for their interests to have such improvement consummated.

In such cases it may well be that the consummation of a part of the improvement only would bring little or no benefit to owners of adjacent property, while, if com-

pleted as a whole, it would greatly enhance the value of their property and add to their convenience and comfort. Yet it must often follow that if a given improvement is to be segregated, and separate contracts let, a portion of the work will not be completed. *Non constat,* that any bidders will apply for some of the subdivisions, or, if let, that the contracts will all be completed. The statute of 1885, which was intended to furnish a full and complete mode of procedure, makes no provision to meet any such cases. What the law, in such cases, requires to be done is in part for the protection of the taxpayers, and is mandatory, and cannot be regarded as directory only. (*Clark* v. *Crane,* 5 Mich. 154; 71 Am. Dec. 776; *Marsh* v. *Chesnut,* 14 Ill. 223.)

From a review of the statute the conclusion is reached, that, as its affirmative provisions are all made applicable to a single contract for street improvement, under a given resolution of intention, resolution ordering work to be done, and award of a contract thereunder, and as the statute is silent as to any method by which separate assessments can be made, or separate warrants issued by the street superintendent to different contractors, the city council has no power to award separate contracts in such a case for the performance of a single improvement.

Not having the *power* to award separate contracts, their acts in the premises were void, and conferred no authority upon the superintendent of streets to enter into the contracts, or to levy an assessment upon property with a view to payment on account of improvements made under and by virtue thereof.

The case presented is not one of irregularity or error, in the exercise of a power conferred which is cured by a failure to appeal to the council as provided by the statute, but one in which the council acted without and in excess of its power, and hence the act was void.

The judgment appealed from should be reversed, and the cause remanded to the court below for such action as may be in accord with this opinion.

VANCLIEF, C., and TEMPLE, C., concurred.

The judgment appealed from is reversed, and the cause is remanded to the court below for such action as may be in accord with this opinion.

DE HAVEN, J., McFARLAND, J., FITZGERALD, J.