## BYRNE v. LUNING CO.

### No. 15,628; December 3, 1894.

#### 38 Pac. 454.

Street Assessment.—In an Action to Enforce an Assessment for street improvements, a complaint which, after alleging that the work was to be done according to specifications to be provided by the city, alleges general performance of the requirements, without specially setting out the specifications, is not subject to general demurrer.[1]

Street Improvement.—Where a Bond Given for the Faithful Performance of a contract for public work recites that it is of "even date with the contract," the fact that it is dated one day earlier is not sufficient to prove, in an action to enjoin an assessment levied therefor, that the bond was in fact executed a day earlier than the contract.

Street Improvement.—The Fact That Such a Bond Provides that the superintendent of streets shall not be liable for any delinquency on his part does not vitiate the entire bond, though such provision be against public policy.[2]

APPEAL from Superior Court, City and County of San Francisco; James M. Troutt, Judge.

Action by Thomas Byrne against the Luning Company to enforce a street assessment. From a judgment for plaintiff and from an order denying defendant's motion for a new trial defendant appeals. Affirmed.

J. P. Langhorne for appellant; J. C. Bates for respondent.

VANCLIEF, C.—Action to enforce a street assessment upon a lot of land in the city of San Francisco for the sum

---

[1] Cited and followed in California Improvement Co. v. Reynolds, 123 Cal. 91, 55 Pac. 803, where it was said that it is no more necessary to set out at length, in the complaint, the specifications for the work than so to set out the contract, the latter including the specifications. The right to receive an assessment upon due performance follows on its being averred that the plaintiff entered into this contract with the superintendent of streets.

[2] Cited in Rauer v. Lowe, 107 Cal. 235, 40 Pac. 339, where this rule was applied to a like guaranty contained in a contract for the construction of a sewer.

of $181.45, in which judgment passed for plaintiff and defendant's motion for new trial was denied. Defendant appeals from the judgment, and also from the order denying its motion for a new trial.

1. Counsel for appellant contends that the complaint does not state a cause of action, because the specifications for the work furnished by the city engineer and made part of the contract were not set out in haec verba in the complaint. The complaint, however, does not purport to state any part of the contract in haec verba, but only the substance of it, according to its legal effect. The work to be done was described in the resolution of intention passed by the board of supervisors, and in the complaint, as follows: "That a sixteenth-inch stone-pipe sewer, with manhole and cover, be constructed in Jones street, from Vallejo to Green street." And it is alleged in the complaint that the specifications for this work were furnished at the proper time by the city engineer, and that they were attached to and made a part of the contract; that, by the contract, plaintiff agreed "that he would do and perform all the aforementioned work under the direction and to the satisfaction of the said superintendent of streets, in a good and workmanlike manner, and with the materials required by said specifications, which were also to be to the satisfaction of said superintendent of streets, and were to be furnished by the said party of the first part therein [plaintiff] according to the said contract and specifications." It is then alleged "that plaintiff duly performed all the terms and conditions of said contract therein contained to be performed on the part of said plaintiff, in every respect, within the time fixed in said contract, and according to the terms of said contract and specifications, under the direction and to the satisfaction of said superintendent, and with the materials required by him, and called for by said specifications; and the said work was duly approved and accepted by said superintendent." The complaint is in the usual verbose form which seems to have been generally adopted by the profession, specifically detailing all proceedings of the board of supervisors and other municipal officers relating to the street work in question; but the foregoing extracts contain all that relates to the specifications attached to the contract, and all that is necessary to illustrate the alleged ground of demurrer.

I think the complaint states the substance of a contract, and the performance thereof on the part of plaintiff, the legal effect of which is to entitle plaintiff to the relief demanded. This is sufficient to shield it against attack by the general demurrer, however vulnerable it may be to a special demurrer. Whether a copy of the contract upon which an action is based is or is not set forth in the complaint, the defendant may always demand and obtain an inspection of the original by pursuing the course prescribed by section 1000 of the Code of Civil Procedure; and if, upon such inspection, it appear that the complaint misrepresents the contract, or has omitted a substantial part of it, to the prejudice of the defendant, such misrepresentation or omission is matter of defense, but is not available as a ground of general demurrer, because it does not appear on the face of the complaint. And in this case the defendant, to maintain the issues on his part, obtained and introduced in evidence the original contract, with the specifications thereto attached; and it appears by the statement on motion for new trial that they were substantially as alleged in the complaint, and in due form, omitting nothing required by law. The case of Libbey v. Elsworth, 97 Cal. 316, 32 Pac. 228, cited by appellant, is not in point. A general demurrer to the complaint was sustained in that case on the grounds that the complaint did not show that the contract to do the work was entered into within fifteen days after the first posting of the notice of its award, and did not show that the superintendent of streets fixed the time for commencement of the work within fifteen days from the date of the contract, nor fix a time for the completion of the work. But it is alleged in this case that notice of the award of the contract was posted March 30, 1892, and that the contract was entered into April 12, 1892; and it is also alleged that the superintendent of streets fixed the time in said contract for the commencement of said work at fourteen days from the date of the contract, and the time for the completion thereof at ninety days from said date.

2. It is urged that the finding by the court that, at the time of entering into the contract, the plaintiff executed a bond for the faithful performance of the contract is not justified by the evidence. The original bond was introduced by defendant, and is admitted to be sufficient and in due form, with

57

the following exception: It bears the date April 11, 1892, whereas the contract bears the date April 12, 1892; and it is contended that the bond is void, because it appears to have been executed the day before the execution of the contract. Conceding, for the sake of argument, this extremely doubtful proposition, yet there is no evidence, except the written dates, tending to prove that the bond was delivered before the contract was executed. The true date of the execution of bond was the time of its delivery. It recites that it is of "even date with the contract." If this recital is true, it follows that there was a mistake of one day in the date of either the bond or the contract, and that such mistake is immaterial. At all events, the recital in the bond neutralizes the tendency of the written dates to prove that the execution of the bond was not contemporaneous with that of the contract; and, in this state of the evidence furnished by the bond and contract, the court was justified in finding that it did not overcome the prima facie case for plaintiff made by the warrant, assessment, diagram, etc.: Street Work Act, March 18, 1885, sec. 12, as amended (Stats. 1889, p. 168). This view obviates any necessity for deciding what effect a defective or even a void bond would have upon the contract.

3. In addition to the statutory and lawful requisites, the contract contains a superfluous provision, to the effect that neither the superintendent of streets nor his bondsmen shall "be liable or holden . . . . for any delinquency on his own part." It is contended that this provision is against public policy, and therefore is not only void, but that it vitiates the whole contract. The provision is probably void, for the reason that the superintendent of streets had no authority to require or to make it; but it is easily separable from all other provisions of the contract, and therefore does not vitiate any one of them. The contract contains all the provisions required by law, and the finding of the court (not excepted to) is that plaintiff fully performed it on his part. It seems inconceivable, therefore, that the defendant, not being a party to the contract, could have been injured by the superfluous

clause, whether it be valid or void. I think the judgment and order should be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.