[Civ. No. 527. First Appellate District.—June 22, 1908.]

## G. C. DAVIS, Appellant, v. TIMOTHY E. TREACY, Respondent.

MECHANICS' LIENS—FORECLOSURE—INSUFFICIENT COMPLAINT.—A complaint to foreclose a mechanic's lien must show a substantial compliance with the statute as to the contents of the notice of lien; and a complaint failing to aver what the claim of lien filed for record contained, other than a description of the property sought to be charged, states no cause of action to enforce a lien.

ID.—AMOUNT SUED FOR BELOW JURISDICTION—GENERAL DEMURRER.—Where the amount sued for, independently of the lien, is too small to be within the jurisdiction of the superior court, no cause of action is stated, and a general demurrer to the complaint was properly sustained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

G. C. Davis, Appellant, *in pro. per.*

I. Danielwitz, and N. H. Hurd, for Respondent.

HALL, J.—Appeal from judgment entered against plaintiff upon failure to amend his complaint after demurrer sustained.

The complaint is at least unique. It is an attempt to set forth a cause of action to foreclose a laborer's lien, for labor performed in cleaning windows, the value of which is alleged

to be $35, and for time lost of the value of $24.50, in attempting to collect plaintiff's claim of $35 against defendant. Plaintiff also asks for attorneys' fees and expenses of filing claim of lien, so that the total amount for which he asks judgment exclusive of costs is $136.15.

The demurrer was upon the grounds that the court had no jurisdiction of the subject of the action, misjoinder of causes of action, and that the complaint stated no cause of action.

The court sustained the demurrer upon the grounds of want of jurisdiction and misjoinder of causes of action.

The amount sued for is below the amount required to vest the superior court with jurisdiction by reason of the amount sued for (Code Civ. Proc., sec. 76), so that unless the complaint states a cause of action to foreclose a lien under the mechanic's lien law, the court was without jurisdiction of the cause.

The right to a mechanic's lien is purely a creature of the statute; and in order to sustain an action to foreclose such lien it is essential that the complaint shall show a substantial compliance with the requirements of the statute. (*Wagner* v. *Hansen,* 103 Cal. 104, [37 Pac. 195].) Anyone claiming a lien under the mechanic's lien law must file with the county recorder "a claim containing a statement of his demand, after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, with a statement of the terms, time given and conditions of his contract, and also a description of the property to be charged with the lien," etc. (Code Civ. Proc., sec. 1187.)

The only attempt to show any compliance with this provision of the statute is contained in paragraph 11 of the complaint, and is in the following words: "That this action is brought in support of plaintiff's lien upon said property of said defendant, which lien was filed on December 7, 1904, in the office of the Recorder of the City and County of San Francisco, State of California (said city being the place where said property is situated), duly verified by oath, and setting forth the description of said property, as follows": (Here follows a description of the property sought to be charged.)

There is absolutely nothing in the complaint to show what plaintiff's claim or "lien," as he styles it, filed with the county recorder, contained, save the description of the property sought to be charged, or that it contained anything save such description. Following paragraph 11 of the complaint are other paragraphs containing independent substantive statements, some of which are proper statements to be contained in a claim or statement of demand filed under section 1187 of the Code of Civil Procedure, but there is no attempt to allege that any of them were contained in the claim or "lien" filed with the recorder. The complaint in this respect utterly fails to show a compliance with the provisions of section 1187 of the Code of Civil Procedure, and for this reason fails to set forth a cause of action for the foreclosure of a mechanics' or laborers' lien. The only cause of action stated is one to recover for services rendered of a value less than $300. Of this action the superior court had no jurisdiction, for which reason the demurrer was properly sustained.

Judgment is affirmed.

Cooper, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 17, 1908.