[Civ. No. 2853. Second Appellate District, Division One.—July 3, 1919.]

SCHULTHEISS BROS. COMPANY, Plaintiff and Respondent; STEINBERG, RICHARDSON & FISHER COMPANY, Plaintiff and Appellant, v. E. P. HUNZIKER et al., Defendants; WILL J. THAYER et al., Defendants, Appellants and Respondents.

[1] APPEAL—ALTERNATIVE METHOD—INSUFFICIENT BRIEFS.—Where an appeal is taken under the alternative method, the appellate court will not refer to any portions of the record which are merely indicated as by page of the transcript.

[2] MECHANICS' LIENS — FAILURE TO COMPLY WITH LAW — LIABILITY OF OWNER.—The owner of a building who has failed to comply with the provisions of the mechanic's lien law may be required to respond to a lien claim which, when added to the other payments made, will exceed the total contract price.

[3] ID.—NOTICE OF LIEN—TERMS OF PAYMENT—VARIANCE.—A notice of lien of a materialman stating "that payment shall be made on or before thirty days from deliveries" is insufficient where the statement in the proposal which resulted in the contract was that the materials were "subject to two per cent cash discount, payments to be made on or before the 10th of the month following deliveries."

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Watt, Thornton & Watt for Plaintiff and Respondent.

Hoff & Chatterson for Plaintiff and Appellant.

Will J. Thayer, *in pro. per.*, for Defendants, Appellants and Respondents.

JAMES, J.—Several actions brought to enforce liens for labor and material furnished in the erection of a building in the city of San Diego, of which defendant Thayer was the owner, were consolidated and tried together. Certain of the lien claims were allowed and judgment entered thereon and certain of them were disallowed. Defendant Thayer, the owner of the building, appealed from the judgment entered in favor of Schultheiss Bros. Company. Other appeals were taken by various of the lien claimants who were denied relief, as well as by the defendant Bonding & Surety Company, but dismissals were made by several of the appellants and the only remaining appeals appear to be those of Steinberg, Richardson & Fisher Company, and Thayer, the owner. No argument was presented on behalf of or against Steinberg, and there is, therefore, nothing before the court from which it can be determined that the judgment as to him was in any wise erroneous. [1] Attention may be now called to the fact that the appeal is under the alternative method, which requires the parties to print in their briefs such portions of the record as they desire to call to the attention of the court. In examining the matter the court will not, therefore, refer to any portions of the record which are merely indicated as by page of the transcript.

[2] We will first consider the appeal of the owner Thayer. He states, as evidently was the fact, that as to the judgment in favor of Schultheiss Bros. Company, the court allowed recovery for an amount which, added to other payments made, exceeded the total contract price. He insists that by so doing the constitutional guaranty against the impairment of the obligation of contract was violated. In elaboration of this contention he argues that our supreme court, prior to the time of the making of this contract, had held that the legislature could not legally require the owner of a building to respond to a lien claim in an amount exceeding the contract price. He concedes that by comparatively recent decision the supreme court has held that an owner may be required to so respond without there being violated any constitutional right, but insists that the contract was made while the law was as established by the former decisions, and that such adjudications became a part of the law of the state under which the rights of such

a contracting owner should be measured. He admits that while there was a written contract and a bond given, neither the contract nor bond was filed with the county recorder, as section 1183 of the Code of Civil Procedure requires. The adverse decision to which he refers is that of *Roystone Co.* v. *Darling,* 171 Cal. 526, [154 Pac. 15]. At the time of the rendering of that decision the lien law was, in comparative particulars, as it was at the time of the making of the contract by the owner here. In *Roystone Co.* v. *Darling,* Mr. Justice Shaw makes a very careful review of all of the former decisions, and his determination seems to be that those decisions are not inconsistent with the holding finally announced at the conclusion of the Roystone appeal. He points out that while it had been said that the legislature could not directly provide that a lien claimant could recover from an owner an amount in excess of the original contract price, that those decisions in nowise denied to the legislature the right to regulate the making of a contract as to its form, as to its being filed, and as to security by bond being required to be taken and filed—that such regulations were reasonable, and that as a penalty for their nonobservance the owner might be required to suffer judgment to be had against him for an amount exceeding the total sum which he had agreed to pay to the original contractor. We think the case last referred to is determinative of the question presented on the appeal of Thayer, and that the judgment of Schultheiss Bros. Company should be affirmed.

[3] The appeal of Richardson & Fisher Company presents a question as to the sufficiency of the notice of lien which was filed by the claimant. The superior court held that the notice was insufficient in that there was a variance between the contract of the claimant as made with the original contractor and the statement of the terms of that contract as contained in the notice of lien; this particularly as to the time and terms of payment. The notice of lien stated, referring to the matter of payment, "that payment shall be made on or before thirty days from deliveries." The statement in the proposal which resulted in the contract was that the materials were "subject to two per cent cash discount, payments to be made on or before the 10th of the month following deliveries." Under the proposal or

contract it seems quite plain that payments were due on the 10th of the month following deliveries in any event, and that if the charges were paid within that time, they were subject to two per cent discount. This was quite different from the time stated in the notice—that payments should be made "on or before thirty days from deliveries." Under the contract, payments might become due, dependent upon the time of delivery, within eleven days, or more than thirty days, as the case might be. Section 1187 of the Code of Civil Procedure requires that the notice of lien shall contain a statement of the following matters: 1. Statement of demand, after deducting all just offsets and credits; 2. The name of the owner or reputed owner; 3. The name of the person by whom employed, or to whom the material was furnished; 4. Statements of the price and when payable and of the work agreed to be done. It is true that section 1203 of the Code of Civil Procedure provides that "no mistakes or errors in the statement of the demand, or of the amount of credits and offsets allowed or of the balance asserted to be due to claimant, nor in the description of the property against which the claim is filed, shall invalidate the lien." We do not think that the saving effect of this section goes far enough to relieve the claimant from making, as section 1187 of the Code of Civil Procedure provides, "statement of the price . . . and when payable, . . . " The case of *California Cement Co.* v. *Wentworth Hotel Co.,* 16 Cal. App. 713, [118 Pac. 103, 113], we think is directly in point, and that the court was justified under that decision in determining the matter of this claim in the way it did. The claimant must comply reasonably with the requirements of the statute in making out his notice of lien, and there would seem to be little room for excuse, where the contract under which he is working states expressly the terms of payment, for a complete misstatement to be made in that particular.

The several judgments appealed from by Harry H. Steinberg, Richardson & Fisher Company, and W. J. Thayer are affirmed.

Conrey, P. J., and Shaw, J., concurred.