[Civ. No. 3390. Third Appellate District.—February 2, 1928.]

THOMAS NORTON et al., Appellants, v. BEDELL ENGINEERING CO. (a Corporation) et al., Defendants; FRANK G. RAICHLE et al., Respondents.

Duke Stone for Appellants.

McComb & Hall and John M. Hall for Respondents.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from a judgment in favor of respondents Frank G. Raichle and G. W. Dulany, Jr., substituted defendants, which was entered following an order sustaining their objection to the introduction of evidence on the part of appellants in support of their claim for a mechanic's lien. The objection was sustained on the ground that the complaint failed to state facts sufficient to constitute a cause of action for the foreclosure of a mechanic's lien.

The complaint was originally filed against the Bedell Engineering Company and a number of fictitious defendants. The defendant corporation suffered default. Frank G. Raichle and G. W. Dulany, Jr., were substituted at the trial as parties defendant, and filed separate answers specifically denying all the material allegations of the complaint. The complaint alleged that the "above named defendants . . . (were) owners of . . . lots 46, 47, 48 and 49, tract No. 4685, of Los Angeles"; that between December 13, 1922, and February 27, 1923, plaintiffs supplied defendants with labor and materials pursuant to contract, of the value of

$1,990, no part of which has been paid; that said work consisted of installing electric fixtures in defendants' building on said premises. The only allegations in the complaint with reference to the notice of lien required by law to be filed, are found in paragraph five, as follows: ''That thereafter, to wit, on April 11, 1923, and within thirty days after the filing of notice of completion of said structure on said building upon which said labor and fixtures were furnished, and within the time provided by law, plaintiffs caused to be filed 'in the office of the County Recorder of Los Angeles county, California, in book 2048, page 186, of official records of said county, a mechanic's lien for said labor and material, and that said lien has not been released or satisfied in any way.'' The complaint failed to specify any of the material statements which may have been contained in this notice of lien, as required by section 1187 of the Code of Civil Procedure.

At the trial it was conceded by appellants that their contract for labor and materials was not made with these respondents, but was made solely with the defendant corporation Bedell Engineering Company. The question of the liability under this contract, in the cause of action based upon *assumpsit*, is not involved on this appeal. Appellants' counsel, Mr. Stone, announced in court: ''We do not care to proceed on anything except the foreclosure of our lien.'' When appellants' first witness was called, these respondents objected to the introduction of any evidence in proof of the alleged mechanic's lien upon the ground that the complaint failed to state facts sufficient to constitute a cause of action for a mechanic's lien, for the reason that it omitted to allege any of the material facts required to be stated in the notice of lien under the provision of section 1187, *supra.*

Thereupon the appellants asked leave to amend their complaint by adding to paragraph five, above quoted, the following language: ''That said mechanic's lien claim set forth that plaintiffs actually furnished to the defendants the labor and material actually used in the construction of said building, and that said labor was actually done and performed, that said material was actually furnished, and actually entered into the erection and construction of said building so described.'' And further: ''That the said lien set forth the names of the owners as the defendants in this action.

That it further set forth that said owners contracted for said labor and materials and caused said structure to be erected. That it further set forth the date the said labor and material was furnished. That it further set forth the terms, time given and conditions of said contract for said labor and the payment therefor. That it further set forth that said contract had been fully performed on the part of the claimants, plaintiffs in this action. That it further set forth the date on which the said material and labor was delivered and rendered, and when they ceased to furnish the same. That it further set forth the date of the completion of said building. That it further set forth the exact amount due after allowing all offsets and credits. That it further set forth the fact that the plaintiffs claim the benefit of the law of the State of California relative to liens, mechanic's and laborers upon real property. And further that the claim is duly verified."

To this application to amend the court said: "Your proposed amendment is still defective. . . . You can't amend the complaint to state anything more than the lien shows." To which the appellants' attorney replied: "I have dictated the complaint *as it is in the lien; the lien does not state the kind of labor or materials—I concede that.* . . . " Whereupon the court denied appellants' application to amend, in the following language: "I think this (complaint) . . . is still defective as a lien, therefore I deny you leave . . . to amend." Subsequently, findings and a judgment were duly filed and entered in the cause in favor of the respondents and against appellants denying the validity of the alleged mechanic's lien.

Conceding, for the purpose of this appeal, that the complaint included the statements heretofore quoted which appellants offered by way of amendment, still it is fatally defective with respect to several material allegations which are necessary in order to state a cause of action based upon a claim of mechanic's lien. ■ The remedy for securing the payment of a claim by means of a mechanic's lien is statutory, and the procedure provided by law must be substantially complied with. (17 Cal. Jur. 16, sec. 6.) ■ Section 1187 of the Code of Civil Procedure provides that a claimant furnishing labor or materials for any work, improvement, or structure, in order to secure the benefit of

the statutory lien, must, within sixty days after the completion of the contract, file with the recorder of the county in which the property is situated, a verified claim setting forth, among other things: ". . . A statement of his demand after deducting all just credits and offsets, the name of the owner or reputed owner, if known, a general statement of the kind of work done or materials furnished by him, or both, the name of the person by whom he was employed, or to whom he furnished the materials, and a description of the property sought to be charged with the lien sufficient for identification. . . . "

■ It will be observed that the original complaint failed to allege any of the foregoing necessary statements required by the statute. Nor does the proposed amendment supply these deficiencies. There was no pretense of alleging the kind of work done, or materials furnished. In fact, appellants' counsel frankly admitted, "the lien does not state the kind of labor nor materials (furnished), I admit that." All that the proposed amendment does state with respect to the nature of the labor or materials furnished, is that "plaintiffs . . . furnished to the defendants the labor and material actually used in the construction of the building." There is no intimation of the nature of either the labor or materials furnished. It cannot be ascertained from the allegations of the complaint, as to the contents of the notice of lien, whether compensation is sought for lumber, hardware, paint, plaster or brick, nor whether the labor performed was that of a carpenter, plumber, painter, or brick-mason. This is a fatal defect, without the allegations of which the complaint failed to state a cause of action upon a mechanic's lien. Even if the notice of lien were offered in evidence, it would be insufficient upon which to base an action to foreclose a mechanic's lien. Upon appellants' own admission as to this defect in their notice of lien, they would necessarily fail on the merits of their cause. Nor does the proposed amendment contain a statement of any of the other material averments required by the statute. It is a recitation of mere conclusions. No definite facts are stated. The amendment, therefore, fails to remedy the defects of the original complaint with respect to the contents of the notice of lien.

█ The respondents did not waive their right to object to the introduction of evidence by their failure to demur to the complaint. "This objection that the complaint fails to state facts sufficient to constitute a cause of action is not waived by failure to demur, and may be taken at any stage of the case." (Sec. 434, Code Civ. Proc.; *Bell* v. *Thompson,* 147 Cal. 689, 694 [82 Pac. 327].) A complaint based upon a claim of a mechanic's lien, which sets out neither a copy of the notice of lien required by law, nor allegations of material statements therein contained, which are required to be stated by the provisions of section 1187 of the Code of Civil Procedure utterly fails to state a cause of action for the foreclosure of a mechanic's lien. (19 Standard Ency. of Proc. 672d; *Hicks* v. *Murray,* 43 Cal. 515; *Davis* v. *Treacy,* 8 Cal. App. 395 [97 Pac. 78]; 17 Cal. Jur. 187, sec. 132.) In *Hicks* v. *Murray, supra,* Chief Justice Wallace, writing the opinion, says: "It is true that we can see that the statement itself is not defective in the particular of ownership, but this will not aid the pleading upon the point. . . . It has so often been determined that unless the facts essential to the support of the case be alleged upon the record (in the pleadings) evidence upon such omitted facts cannot be heard or considered." In the case of *Davis* v. *Treacy, supra,* which is quite similar in its facts to the instant case, and wherein a general demurrer was sustained upon the ground that the complaint failed to state essential facts required to be recited in the notice of lien, the court said: "There is absolutely nothing in the complaint to show what plaintiff's claim of lien, as he styles it, filed with the county recorder, contained. The complaint, in this respect utterly fails to show a compliance with the provisions of section 1187, Code of Civil Procedure, and for this reason fails to set forth a cause of action for the foreclosure of a mechanic's or laborer's lien."

Appellants contend that it is unnecessary for the notice of lien or complaint to state the kind of work done or materials furnished, and in support of this assertion they rely upon the case of *McClain* v. *Hutton,* 131 Cal. 132 [61 Pac. 273, 63 Pac. 182, 622]. But this case is not authority upon that proposition for the reason that it was decided in 1900 and section 1187 of the Code of Civil Procedure was amended in

1919 to specifically require this particular statement to be made.

Nor does section 1203 of the Code of Civil Procedure relieve a claimant from the necessity of complying with the requirements of section 1187 of the Code of Civil Procedure. The former section above mentioned provides that "No mistake or errors in the statement of the demand, or of the amount of credits and offsets allowed or of the balance asserted to be due the claimant, nor in the description of the property against which the claim is filed, shall invalidate the lien." This section of the code is intended to relieve a claimant against error or mistake occurring in the figures or facts recited in the notice of lien, but it does not purport to relieve one from an absolute omission to state such facts. Such a construction would have the effect of abrogating the requirements of section 1187 entirely. Clearly, this was not the intention of the legislature. Evidently the saving clause of section 1203 was to relieve one from the unimportant errors occurring with respect to an effort to specify the exact balance due to the claimant, or the amount of credits to be allowed, or inaccuracy in the description of the property sought to be charged with the lien. This section of the statute does not relieve the claimant from stating those matters which are made essential to the statement of the claim. (17 Cal. Jur. 146; *Schultheiss* v. *Hunziker*, 42 Cal. App. 73 [183 Pac. 347].) Unless the claimant has filed his notice containing the statements required by statute, he is not entitled to a lien. (17 Cal. Jur. 127, secs. 82–84; *Santa Monica L. & M. Co.* v. *Hege*, 119 Cal. 376 [51 Pac. 555]; *Wagner* v. *Hansen*, 103 Cal. 104 [37 Pac. 195]; *Hogan* v. *Bigler*, 8 Cal. App. 71 [96 Pac. 97].) In the instant case it is not mere error which is complained of in the statement of the kind of work performed, or materials furnished, but there is an absolute omission to specify this essential information in both the notice of lien and the complaint. Under such circumstances, section 1203 of the Code of Civil Procedure furnishes no relief. For this reason the complaint fails to state facts sufficient to constitute a cause of action for the foreclosure of a mechanic's lien.

The judgment is therefore affirmed.

Hart, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 3, 1928, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 2, 1928.

All the Justices concurred.