[Civ. No. 3818.   Third Appellate District.—July 3, 1929.]

SAMUEL W. REID, Appellant, v. JOHN THOMAS, Respondent.

Robert E. Jeffress, Pardini & Scampini and Pardini, Scampini & George for Appellant.

George R. Freeman for Respondent.

THOMPSON (R. L.), J.—This is an appeal from an order and judgment of dismissal in an action for libel.

The plaintiff filed a suit for damages against the defendant. Two causes of action were alleged. The first cause was based on a charge of libel consisting of a complaint for insanity which was sworn to and filed in the justice's court at Willows, California. This accusation of insanity appears in full as a part of the complaint in this action. The second cause of action consists of a charge of malicious prosecution based upon the same proceeding which is alleged in the first cause of action. No demurrer to the complaint was filed. The answer consists of a general denial and does not affirmatively allege that the making and filing of the accusation of insanity was a privileged proceeding. But as a matter of law, it appears to be absolutely privileged. At the trial the court sustained objections to the introduction of evidence on the part of plaintiff with respect to the first cause of action, and a judgment of dismissal was subsequently entered. At the close of plaintiff's evidence, a nonsuit was also granted in the second cause of action. The plaintiff has appealed only from the order and judgment of dismissal in the first count, and asserts that the defense of privilege with relation to the publication

of libelous matter is waived unless it is claimed by either a demurrer or answer to the charge.

The alleged libelous matter, consisting of the charge of insanity, appears on the face of the complaint in this action. It was alleged to have been filed in a judicial proceeding in a justice's court, and was, therefore, absolutely privileged. (Sec. 47, Civ. Code.) "Libel is a false and *unprivileged* publication. . . . " (Sec. 45, Civ. Code.)

If the proceeding was privileged, it was, therefore, not libelous or actionable. Language employed in a judicial proceeding belongs to the class which is absolutely privileged, and which is, therefore, exempt from liability. Language used in judicial and legislative proceedings and in the discharge of official duties, as specified in subdivisions 1 and 2 of section 47 of the Civil Code, is absolutely privileged in character. (*Hale Co.* v. *Lea,* 191 Cal. 202, 205 [215 Pac. 900]; *Stevens* v. *Snow,* 191 Cal. 58, 64 [214 Pac. 968]; *Ball* v. *Rawles,* 93 Cal. 222, 236 [27 Am. St. Rep. 174, 28 Pac. 937].) In 17 Ruling Case Law, 330, section 76, it is said: "An absolutely privileged communication is one in respect to which, by reason of the occasion on which it is made, no remedy can be had in a civil action. The class of absolutely privileged communications is narrow, and is practically limited to legislative and judicial proceedings and other acts of state. Where there exists an absolute privilege, proof even of actual malice will not support an action for libel or slander, absolute privilege being in all cases a complete defense which cannot be rebutted or overcome by evidence that the publication was false and malicious."

When a complaint affirmatively discloses the fact that the libelous matter complained of is absolutely privileged in its character, it is unnecessary to set up the claim of privilege by either answer or demurrer, for the reason that it appears that the pleading fails to state a legal cause and the language complained of is not actionable. (37 C. J. 58, sec. 421; 17 R. C. L. 401, sec. 158; 18 Standard Ency. of Proc. 928.) Where, however, the privileged character of the proceeding does not appear in the complaint, it is necessary to raise the issue by answer or demurrer. Where a complaint absolutely fails to state a cause of action, a demurrer is not necessary, but the defect

may be raised at any stage of the proceeding and in any manner which presents the grounds of objection. (21 Cal. Jur. 250, sec. 175.) None of the cases relied upon by the appellant are in conflict with the foregoing declaration of law. In two of these cases it is said by the court that "where the complaint shows on its face that the publication was privileged, the point may be raised on general demurrer." But this may not be taken to mean that the defense is waived unless it is raised by answer or demurrer. It means no more than the statement that where a complaint fails to state a cause of action, that fact may be raised by a general demurrer. This does not mean it is the only way by means of which the point may be raised. Where the privileged character of the communication appears on the face of the complaint, it states no cause of action, if the privilege appears to be absolute. When no cause of action is stated, there is nothing to be waived, and no demurrer is required. A different principle is involved with respect to the statute of limitations. The limitation of time prescribed by statute within which an action may be maintained is a mere defense to the suit, or personal privilege which must be asserted or it is deemed to have been waived. (16 Cal. Jur. 603, sec. 199.)

In *Gosewisch* v. *Doran*, 161 Cal. 511 [Ann. Cas. 1913D, 442, 119 Pac. 656], where this language with reference to a demurrer was used, the appeal was from a judgment entered upon the sustaining of a demurrer to the complaint. The absence of a demurrer or claim of an absolute privilege by means of an answer were not involved in that action. In *Stevens* v. *Snow*, 191 Cal. 58, 64 [214 Pac. 968], where similar language is used, the question of an absolute privilege was not involved. The expression of the court so far as it applies to an absolute privilege is *dicta*. There is good reason for distinguishing between pleadings which are necessary to raise the issue of conditional or qualified privileges and those which are absolutely privileged. The first class may be libelous, dependent upon the motive or malice with which they are uttered. The latter are neither libelous nor actionable under any circumstances. The reason for exempting one from liability for the publication of language employed in legislative or judicial proceedings or in the discharge of official duties, although such utterances might

otherwise be libelous, is founded on public policy and is deemed to be necessary for the general welfare of governmental institutions and society.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.