[Civ. No. 5909.   Second Appellate District, Division Two.—May 14, 1930.]

FRANK ASNON, Respondent, v. ED. E. FOLEY et al., Appellants.

A. E. Moore for Appellants.

Frank M. Bering for Respondent.

GATES, J., *pro tem.*—Plaintiff sued defendants on a mechanic's lien to recover for labor and materials furnished. Defendants answered, denying many of the material allegations of the complaint. They also set up a number of affirmative defenses as well as a counterclaim. The findings of the court and its conclusions of law were in favor of plaintiff. Judgment was entered accordingly and from that judgment the defendants appeal.

It is unnecessary to give the facts as found by the trial court since no attack is made on the findings of the court or its conclusions of law. Nor is any question raised as to the sufficiency of the evidence to sustain the findings.

The ownership of the property sought to be charged with plaintiff's claim of lien was admitted by the defendants E. Burr and Mary Burr.

Appellants contend that the trial court erred in overruling their demurrer to plaintiff's complaint. In support of such contention they insist that nowhere in the complaint is it alleged that the lien referred to was ever recorded against the particular land sought to be charged (a copy of the lien was not set forth in the body of the complaint nor attached as an exhibit), nor does the complaint allege that the lien referred to therein contained "a description of the property sought to be charged with the lien, sufficient for identification." We have carefully searched the record for the demurrer mentioned by appellants but have been unable to find it. In referring to the overruling of a general demurrer appellants' counsel apparently had in mind his attempted objection to the introduction in evidence of plaintiff's lien as an exhibit; or perhaps he thought that his motion at the conclusion of the case had the effect of a general demurrer.

During the trial, while plaintiff was putting on his case, the following conversation took place between counsel for defendants and the court: "Mr. Moore: If your Honor please, I will stipulate that that is the lien which was filed on the 6th day of August, but I wish to reserve any legal exceptions and objections that we want to raise to the validity of the lien. The Court: Very well. Mr. Moore:

In so far as the complaint is concerned, I will admit the lien as far as it conforms to the allegations of the complaint, but no farther. The Court: Very well.'' Plaintiff's lien was then admitted in evidence. It shows upon its face a due and proper recordation thereof.

After the defendant had refused to offer further evidence, and plaintiff had rested his case, the following colloquy took place between the court and defendants' attorney: ''The Court: You can renew your motion as to Burr if you wish. Mr. Moore: I will. There is no evidence to show that Mr. Burr had anything to do with the contract, so I think the money part should be dismissed against him. Does your Honor want to hear me as to the claim of lien against the property? The Court: That is what I referred to. Mr. Moore: The complaint does not state sufficient facts to constitute a cause of action, in that it does not allege that this lien was filed against this particular piece of property, and there is no evidence. . . . I did not raise that objection at first because I thought it possible there might have been some evidence produced, or be produced, but the evidence does not substantiate that this lien was filed against this particular piece of property. The statute is clear, and the cases I have given . . . '' Counsel for appellants thereafter asked for a dismissal against all defendants except Mr. Foley. This was denied. Counsel did not ask that the evidence theretofore introduced by plaintiff and admitted by the court without objection be stricken upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

Plaintiff's claim of lien, as heretofore stated, was filed and recorded August 6, 1925. The statute at that time, as it does at the present time, provided, among other things, what a claim of lien must contain, to wit: ''a statement of his [the claimant's] demand after deducting all just credits and offsets, the name of the owner or reputed owner, if known, a general statement of the kind of work done or materials furnished by him, or both, the name of the person by whom he was employed or to whom he furnished the materials, and a description of the property sought to be charged with the lien sufficient for identification,'' with a proper verification by the claimant or some other person. (Sec. 1187, Code Civ. Proc.; Stats. 1919, p. 190. As to the

requirements of a claim of lien see following authorities: 17 Cal. Jur., pp. 126, 127; *Union Lumber Co.* v. *Simon,* 150 Cal. 751 [89 Pac. 1077, 1081]; *Schultheiss Bros. Co.* v. *Hunziker,* 42 Cal. App. 73 [183 Pac. 347]; *Corbett* v. *Chambers,* 109 Cal. 178 [41 Pac. 873]; *Sweet* v. *Fresno Hotel Co.,* 174 Cal. 789 [Ann. Cas. 1918D, 346, 164 Pac. 788]; *Norton* v. *Bedell Engineering Co.,* 88 Cal. App. 777 [264 Pac. 311].) ■ Measured by the foregoing authorities plaintiff's claim of lien is amply sufficient, as it contains all the essentials of a valid mechanic's lien. The description of the property in the claim of lien is identical with that contained in the complaint. We therefore must assume that it is one and the same property.

■ It is well settled that a complaint for the foreclosure of a mechanic's lien must show a substantial compliance with the requirements of the statute. (17 Cal. Jur. 177, sec. 121; *Davis* v. *Treacy,* 8 Cal. App. 395 [97 Pac. 78].) ■ Plaintiff's complaint is sufficient in all respects but one, namely, the paragraph which deals with the contents of his claim of lien does not set forth nor show that such claim of lien contains a description of the property sought to be charged with the lien. This last-named requisite has been held to be essential in an action of this nature. (*Schalich* v. *Bell,* 173 Cal. 773 [161 Pac. 983]; *Coss* v. *MacDonough,* 111 Cal. 662, 666, 667 [44 Pac. 325]; 17 Cal. Jur. 188.) ■ The omission in the instant case to plead, in describing the claim of lien, the description of the property sought to be charged would, of course, have been fatal to plaintiff's recovery of a judgment ordering the foreclosure had the defendants seasonably and properly raised the question by an objection to the introduction of evidence on the part of plaintiff in support of its claim for a mechanic's lien upon the ground that the complaint did not state facts sufficient to constitute a cause of action for such foreclosure, assuming that such objection had been overruled by the court. (*Norton* v. *Bedell Engineering Co., supra.*) The appellants did not make such objection, but, on the contrary, led the trial court to believe that they had some legal objection or exception to the *claim of lien* itself that they would raise at a later time. Appellants' objection should have been clear, specific and definite. (2 Cal. Jur. 269, subd. 85.) Appellants' attorney's subsequent statement, "In so far as the complaint is con-

cerned I will admit the lien as far as it conforms to the allegations of the complaint, but no farther,'' does not enlighten the court as to what his true position was. If counsel meant that he would stipulate that the lien was good as to the statement of demand, the names of the owners and reputed owners, a general statement of the kind of work done or materials furnished, or both, the name of the person by whom he was employed (these were all set forth in the complaint), he should have so stated and in addition thereto made the proper objection as to the admission of evidence. of said claim of lien. Or at the outset of the trial and before any evidence was offered the defendants, if dissatisfied with the plaintiff's pleading, should have made the objection that no evidence be admitted because of the failure of plaintiff's complaint to state a cause of action for the foreclosure of the lien, stating to the court at the time the missing element in the complaint. If this method had been followed the trial court, as well as the plaintiff, would have been fully informed and apprised of appellants' real objection, to wit, his claim of the insufficiency of the complaint to state a cause of action for the foreclosure of said lien, and plaintiff could at that time have secured permission of the court to amend his complaint by supplying the necessary allegation. It is clear that a proper objection was not made.

The rule applicable to the above situation is clearly stated in 2 California Jurisprudence, page 242, section 71, as follows: ''Where the trial proceeds in all respects as though the complaint sufficiently states a cause of action, and the defendant goes to trial upon the theory that there is a material issue, and allows evidence to be received upon such issue without objection in any way, and the court makes a finding upon such evidence upon the theory that the proper issue is made by the pleadings, with no objection from either party, the parties will not, nor will either of them, be allowed on appeal to say, for the first time, there was no such issue.'' Reading from the same paragraph (71) on page 243, the rule is further enunciated as follows: ''In case of a total absence of an essential allegation, the general rule seems to be that a defendant who has treated a complaint as sufficient, has made no objection to the admission of evidence of an omitted allegation and has allowed the issue to be tried as though properly pre-

sented by the pleadings, cannot on appeal urge that it is defective through some omission which could have been supplied by amendment at the time.'' (*Treanor* v. *Houghton,* 103 Cal. 53 [36 Pac. 1081]; *Slaughter* v. *Goldberg, Bowen & Co.,* 26 Cal. App. 318 [147 Pac. 90]; *Noakes* v. *Los Angeles,* 179 Cal. 38 [175 Pac. 409]; *Boyle* v. *Coast Improvement Co.,* 27 Cal. App. 714, 721 [151 Pac. 25].) The reason for the foregoing rule is, as has been expressed by the Supreme Court in *Greiss* v. *State Investment & Ins. Co.,* 98 Cal. 241 [33 Pac. 195, 196], as follows: ''It is unfair for a party to withhold an objection founded upon a defect, which, if pointed out in time, might be remedied, until it is too late to correct the defect, thereby inducing an opponent to rely upon his pleading as sufficient in order that he may have a fatal objection. Such course is a fraud upon justice and prevents a fair trial. It is therefore not tolerated.'' (See *Abner Doble Co.* v. *Keystone etc. Co.,* 145 Cal. 490 [78 Pac. 1050].)

The cases cited by appellants do not sustain their position, for the reason that in each case the sufficiency of the pleading was attacked in the proper manner.

Appellants in their answer attempt to take advantage of the insufficiency of plaintiff's complaint by pleading the following paragraph: '' . . . alleges that the claim of lien referred to in Paragraph VIII of the complaint is insufficient in law and does not comply with the law in such case made and provided.'' This is nothing more nor less than a conclusion of law and raises no issue. (*Curnow* v. *Happy Valley Blue Gravel etc. Co.,* 68 Cal. 262 [9 Pac. 149]; *Bradbury* v. *Cronise,* 46 Cal. 287; 17 Cal. Jur. 189, 190, sec. 133.)

Defendants complain of the ruling of the trial court in refusing to allow them to introduce oral evidence of the reasonable value of the work and materials furnished. Such evidence was not relevant or pertinent for the reason that there was no material issue raised of reasonable value. The express contract entered into by the parties, which was the foundation of the transaction, provided that ''labor and materials furnished to be governed by Pacific Coast Sales Book plus ten per cent.'' This book, ''Pacific Coast Sales Book'' was used by many of the contractors and showed the

prices of materials as they fluctuated up and down each week. The evidence amply supports the finding of the trial court that the prices of materials furnished were found in this book and that to these prices was added the ten per cent.

■ Furthermore, defendants did not make an offer of proof and are therefore precluded from raising this point at this time. (*Bridges* v. *Fish*, 53 Cal. App. 117 [200 Pac. 71].)

■ Appellants make the further point that the contract did not say that the prices to be charged are the same as set forth in the Pacific Coast Sales Book, but that the prices are to be *governed*, that is, Pacific Coast Sales Book prices are to be used as a basis. The construction given this contract by the trial court is correct. While the contract does not in so many words state that the plaintiff is to charge the prices set forth in the book mentioned, it does state that the "labor and material prices to be governed by the Pacific Coast Sales Book plus ten per cent." Among the several definitions of the word "govern" we find the following: "regulate"; "to serve as a rule or deciding precedent"; "to determine." (Funk & Wagnalls' Standard Dictionary.) Likewise, Webster's Unabridged Dictionary defines the word "govern" as follows: "to be a rule, precedent, law, or deciding principle for." It is perfectly clear that the "labor and material prices" were to be determined or regulated by the prices as found in said book. Or in other words, the prices in the book will serve as a rule or precedent in the fixing of prices to be charged. The evidence is clear, and it was so found by the trial court, that the prices of the labor and material furnished were determined and governed by the Pacific Coast Sales Book, plus the ten per cent.

■ As to appellants' next point, that an oral contract was proven, the finding of the trial court, which is amply supported by the evidence, that the only contract entered into by the parties was a written contract must be accepted as conclusive.

■ The trial court did not find upon any of the allegations of the defendants' counterclaim. The burden of proof upon the issues raised by this counterclaim was upon the defendants. They offered no evidence in support thereof and therefore cannot be prejudiced by the failure of the

court to find upon such issues.    (24 Cal. Jur. 946, and cases there cited.)

The judgment is affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.