[Civ. No. 4479. Third Appellate District.—January 22, 1932.]

BEN CHAPMAN, Appellant, v. CHARLES L. GILLETT et al., Respondents.

John A. Jorgenson for Appellant.

Harry W. Horton for Respondents.

THOMPSON (R. L.), J.—This is an appeal in a suit to cancel a trust deed and quiet title to certain Los Angeles County lots, from a judgment of dismissal of the action after an objection to the introduction of evidence on the part of the plaintiff had been sustained on the ground that the complaint fails to state facts sufficient to constitute a cause of action.

The supplemental complaint alleges the defendant Bryant is the owner of parts of lots 1, 2 and 3 of Tract Number 1103 of the city of Los Angeles; that prior to February 1, 1927, Bryant conveyed the property to E. A. Jaquins, who in turn conveyed the lots to the plaintiff "subject to a first trust deed of record in the sum of $3,000.00, and also subject to a second trust deed of $5,000.00 filed concurrently therewith". It is alleged this last deed of conveyance was recorded February 25, 1927; that on January 18, 1927, Jaquins executed and delivered to the defendant Pioneer Title Insurance & Trust Company as trustee, with the usual power of sale, a trust deed upon the same property to secure the payment to Charles L. Gillett and A. R. Underwood of the sum of $5,000 on or before October 1, 1927; that on the last-mentioned date Gillett and Underwood executed an agreement to sell 200 acres of land in Imperial County to Jaquins for $25,000 to be paid in specified installments upon terms and conditions therein

stated with eight per cent interest on all deferred payments; that to secure the payment of the first installment of $5,000 due October 1, 1927, on this contract to purchase the Imperial County land, Jaquins agreed to convey the Los Angeles County lots in trust to the Pioneer Title Insurance Company, authorizing the sale thereof for default of this payment; that as a part of the last-mentioned contract and transaction the parties thereto further agreed that Jaquins would plant and cultivate twenty acres of said Imperial County farm with grapefruit on or before June 1, 1927; that for default in any of the provisions or terms of either of the last-mentioned two contracts, Jaquins would forfeit all rights thereunder and all moneys paid on account of the purchase price of said land. The complaint further alleges that Jaquins took immediate possession of the Imperial County land, and that "prior to June 1st, 1927, plaintiff decided he would be unable to carry out the contracts . . . [last mentioned], and thereupon rescinded and abandoned the same, . . . and defendants Gillett and Underwood consented thereto . . . and took possession of said Imperial County land and have ever since remained in possession thereof". It was further alleged that on November 22, 1927, the defendants Gillett and Underwood served legal notice of the default of Jaquins "of the conditions of said trust deed", and that the trustee thereof, the Pioneer Title & Trust Company threatens to sell said Los Angeles County lots for default of the terms of the trust deed unless it is restrained from doing so; that the defendant Carombes is renting said Los Angeles County lots and is paying Bryant $35 a month as rental therefor, which rental belongs to plaintiff, and the payment of which Bryant has refused and upon the contrary claims some right and title to said Los Angeles lots. Finally the supplemental complaint alleges that since the commencement of this action the trustee sold and conveyed the Los Angeles lots pursuant to the terms of the trust deed to the defendant Charles L. Gillett. The plaintiff then prays that the trust deed be canceled; that the defendants be restrained from asserting any title to said lots, and that title thereto be quieted in him.

In the present case the court sustained an objection to the introduction of any evidence on the part of the plain-

tiff on the ground that the complaint fails to state facts sufficient to constitute a cause of action. The plaintiff elected to stand upon his pleading. The court thereupon dismissed the action. In effect this procedure was equivalent to sustaining a general demurrer to the complaint without leave to amend on the ground that it fails to state facts sufficient to constitute a cause of action.

The insufficiency of a complaint, because it fails to state facts constituting a cause of action, may be raised by an objection to the introduction of evidence, even though a demurrer to the complaint is not filed. (Sec. 434, Code Civ. Proc.; 21 Cal. Jur. 250, sec. 175; *Bell* v. *Thompson,* 147 Cal. 689 [82 Pac. 327]; *Norton* v. *Bedell Eng. Co.,* 88 Cal. App. 777, 782 [264 Pac. 311]; *Reid* v. *Thomas,* 99 Cal. App. 719 [279 Pac. 226].)

█ The appellant may not complain because the court, in effect, denied him the right to amend his complaint. In the absence of an application to amend the pleading, or some indication as to how the pleader intended to or could amend it so as to state a valid cause of action, there was no abuse of discretion in denying leave to amend by dismissing the action. (*Kleinclaus* v. *Dutard,* 147 Cal. 245, 252 [81 Pac. 516]; *Farber* v. *Greenberg,* 98 Cal. App. 675, 685 [277 Pac. 534]; *Mortensen* v. *Los. Angeles Examiner,* 112 Cal. App. 194 [296 Pac. 927].) In truth, the plaintiff specifically declared that he was willing to stand on his supplemental complaint. In effect, he declined to amend. Moreover, if the pleading correctly relates the facts of the case, we are unable to see how the complaint could be amended so as to state a good cause of action.

█ The only material issue on this appeal is the question as to whether the supplemental complaint does state a good cause of action. It is apparent from a careful analysis of the allegations of the complaint that it fails to state a cause of action.

From the allegations of the complaint it clearly appears the appellant took a deed of conveyance to the Los Angeles lots in question, which upon its face recited that the title was "subject to a first trust deed of record in the sum of $3,000.00, and also subject to a second trust deed of $5,000.00 filed concurrently therewith". It is also alleged that on November 22, 1927, Gillett and Underwood gave notice of de-

fault "of the conditions of said trust deed", and commenced proceedings to foreclose and sell the Los Angeles lots pursuant to the terms of that deed. Finally it is alleged that since the commencement of this action the trustee named in the trust deed did in fact sell the property to the defendant, Charles L. Gillett, pursuant to the terms of the trust deed. In fact, the complaint affirmatively alleges that Jaquins on June 1, 1927, "decided he would be unable to carry out the contracts" for the purchase of the Imperial County property upon which the payment of $5,000 was due on or before October 1, 1927, for the security of which payment the trust deed was executed on the Los Angeles lots, and that he thereupon voluntarily abandoned the property. This is an acknowledgment of default which justified the foreclosure of the trust deed. The complaint does further recite that Jaquins "thereupon rescinded *and abandoned*" the contract to purchase the Imperial County property, and that "Gillett and Underwood consented thereto". But it does not appear that the trust deed of the Los Angeles lots was canceled, or that the $5,000 payment secured thereby was waived. So far as the complaint is concerned, the contract was canceled upon condition that the $5,000 should be paid and that the trust deed to secure the payment should remain valid and binding. We may not assume that because a contract to purchase real property was mutually canceled, without reference to a separate valid deed of trust to secure an initial payment on the purchase price of the property, that this payment was also waived. If it was the intention of the parties to waive this payment and cancel the trust deed, the complaint should have so alleged. The complaint contains no allegation that said sale, or the proceedings incident thereto, are invalid. Upon the contrary, it appears that the plaintiff took a deed of conveyance to the property subject to a trust deed which was subsequently foreclosed and sold. It does not even appear from the complaint that the plaintiff was the owner of the property. In fact, counsel for the plaintiff admitted at the time of the trial that "Mr. Chapman simply took the deed as security for the $2500 he advanced".

Since the plaintiff in this action took the deed of conveyance which recited on its face that it was subject to a first deed of trust for the sum of $3,000 and a second deed of trust for the sum of $5,000, he is estopped from denying

the validity of these prior obligations. (*National Hardware Co.* v. *Sherwood,* 165 Cal. 1, 9 [130 Pac. 881, 884]; *Burrows* v. *Durflinger,* 45 Cal. App. 366 [187 Pac. 752]; sec. 1926, subd. 2, Code Civ. Proc.) The section of the code last cited provides that:

"The following presumptions . . . are deemed conclusive, . . .

"2. The truth of the facts recited, from the recital in a written instrument between the parties thereto, or their successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration."

In the National Hardware Company case above cited it is said:

"Where a person accepts a mortgage which recites that it is subject to another mortgage on the same property, the rule is that he is estopped thereby and is not allowed to defeat or impair the other mortgage by denying its priority or validity. . . . There are also many cases holding that the purchaser who takes the property by a deed which recites that it is subject to a mortgage thereon, is estopped to assert the invalidity of the mortgage, or any defense thereto which existed at the time between the mortgagor and mortgagee."

For the reasons assigned, the complaint fails to state a cause of action, and the objection to the introduction of evidence was properly sustained.

The judgment is affirmed.

Plummer, J., and Preston, P. J., concurred.